UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 2 6 2010

Clerk, U.S. District and
Bankruptcy Courts

|  |  |
|---|---|
| Marcus L. Williams, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  10 - 1448 UNA |
| | ) |
| Department of the Air Force and | ) |
| the Secretary of the Air Force | ) |
| Michael B. Donley, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint on the ground of *res judicata*.

Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously").

The current complaint "for declaration of in personam status" is mostly unclear but plaintiff seeks a judgment declaring that the Air Force acted contrary to law in suspending "his Date of Separation . . . occurring on 28 December, 2001. . . which procured an collateral U.S.

ln1

3

Armed Forces in personam status into the membership class of persons, whom are: 'awaiting

discharge after expiration of term of enlistment'." Compl. at 11. In *Williams v. United States*,

the Court of Federal Claims decided

> (1) whether the Air Force had the authority to extend Mr. Williams' term of service
> beyond his [expiration term of service] and whether the Air Force properly invoked
> that authority, and (2) whether the dishonorable discharge that resulted from Mr.
> Williams' court-martial was a proper predicate for the forfeiture of any leave that Mr.
> Williams had accrued.

71 Fed. Cl. 194, 201 (2006). It resolved those questions in the Air Force's favor. *See id.* at 201-

02. In the earlier case, as it seems here, plaintiff had contended that the Air Force lacked

"authority to separate him from service on October 1, 2004 and to classify his discharge as

dishonorable" because his term had expired on December 28, 2001. *Id.* at 195. Plaintiff cannot

litigate that claim anew. A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: August **20**, 2010